IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMCHANDRA ADHIKARI, *et al.* | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. H-09-1237 |
| | § | |
| v. | § | Judge Keith P. Ellison |
| | § | |
| DAOUD & PARTNERS, *et al.* | § | |
| | § | |
| Defendants. | § | |

**THE DAOUD & PARTNERS ENTITIES' ANSWER TO KBR DEFENDANTS' CROSS-CLAIM AND COUNTER-CLAIM AGAINST THE KBR DEFENDANTS**

The Daoud & Partners entities, comprised of Daoud & Partners, Ltd. (BVI) ("Daoud BVI") and Daoud & Partners, LLC (JOR) ("Daoud JOR") (together the "Daoud entities"), incorrectly named by the KBR defendants as Daoud & Partners, file this Answer to the KBR defendants' cross-claim and further raise this counter-claim against the KBR defendants.

1.  The Daoud entities admit that Daoud & Partners, LLC (JOR) is a foreign company based in Amman, Jordan, registered as a limited liability corporation with the Jordanian Controller of Companies at the Ministry of Industry and Trade and operating principally in Jordan, and that that Daoud & Partners, Ltd. (BVI) is an international business company domiciled in the British Virgin Islands and operating principally in Iraq.

2.  Answering the allegations of Paragraph 2, the Daoud entities state that the Court's November 3, 2009 Order speaks for itself. The Daoud entities deny that this Court has subject matter jurisdiction over this action.

3.  Answering the allegations of Paragraph 3, the Daoud entities state that the Court's November 3, 2009 Order speaks for itself. The Daoud entities deny that this Court has supplemental jurisdiction over the KBR defendants' cross-claim.

4. Answering the allegations of Paragraph 4, on information and belief, the Daoud entities admit allegations in Paragraph 4 of the First Amended Complaint as stated.

5. Answering the allegations of Paragraph 5, the Daoud entities deny that this Court has personal jurisdiction over either Daoud entity. The Daoud entities deny that they have engaged in "substantial, continuous and systematic business contacts" with Texas or "purposefully availed themselves of the privileges of conducting activities in the United States." Further, the Daoud entities deny that that it would be "foreseeable" that Daoud's indemnity obligation, if any, would be performed in Texas or that an exercise of jurisdiction over Daoud would comport with "traditional notions of fair play and justice." In so answering, the Daoud entities do not submit to the personal jurisdiction of this Court and they continue to dispute the assertion of personal jurisdiction over them.

6. The Daoud entities admit that venue in the United States District Court for the Southern District of Texas is permitted pursuant to 28 U.S.C § 1391(d), but contend that the allegations are more appropriately resolved in other venues, including the courts of Jordan, Iraq or through arbitration.

7. Answering the allegations of Paragraph 7, the Daoud entities state that Federal Rule of Procedure 13(g) speaks for itself and that the remaining allegations in Paragraph 7 of the cross-claim are legal conclusions that do not require a response.

8. The Daoud entities do not admit or deny the allegations in Paragraph 8 because they are statements to which no response is required.

9. Answering the allegations of Paragraph 9, the Daoud entities admit that they filed a motion to dismiss plaintiffs' First Amended Complaint.

10. Answering the allegations of Paragraph 10, the Daoud entities state that the Master Agreement Number GU84-VC-ML00001 ("Master Labor Agreement") speaks for itself. The Daoud entities admit that Daoud entered into an agreement with the

KBR entity named in the Master Labor Agreement, but lack sufficient information to admit or deny the remaining allegations in Paragraph 10.

11. Answering the allegations of Paragraph 11, the Daoud entities state that the plaintiffs' First Amended Complaint speaks for itself. The Daoud entities deny that they "recruited" Mr. Gurung to work at Al-Asad. The Daoud entities admit that Mr. Gurung's time was billed under the Master Labor Agreement.

12. Answering the allegations of Paragraph 12, the Daoud entities state that the terms of the Master Labor Agreement and KBR's General Conditions speak for themselves and that remaining allegations in Paragraph 12 of the cross-claim are legal conclusions that require no response from the Daoud entities. To the extent that any response is required, the Daoud entities deny any liability to the KBR defendants in this action.

13. Answering the allegations of Paragraph 13, the Daoud entities state that the Subcontract Number GU84-VC-SB10005 ("Laundry Subcontract") speaks for itself. The Daoud entities admit that Daoud entered into an agreement with the KBR entity named in the Laundry Subcontract, Kellogg Brown & Root International, Inc., and deny that they entered into an agreement with Kellogg Brown & Root Services, Inc.

14. Answering the allegations of Paragraph 14, the Daoud entities state that the plaintiffs' First Amended Complaint speaks for itself and otherwise deny the remaining allegations in Paragraph 14 of the KBR defendants' cross-claim.

15. Answering the allegations of Paragraph 15, the Daoud entities state that the terms of the Laundry Subcontract and KBR's General Conditions speak for themselves and that remaining allegations in Paragraph 15 of the cross-claim are legal conclusions that require no response from the Daoud entities. Further, the Daoud entities lack information sufficient to admit or deny the terms of "[m]ost" of the agreements between the KBR defendants and the Daoud entities, and therefore, deny those allegations.

16. The Daoud entities deny the allegations in Paragraph 16 of the KBR defendants' cross-claim.

17. The Daoud entities lack sufficient information to admit or deny the allegations in Paragraph 17 of the KBR defendants' cross-claim.

18. The Daoud entities refer to Paragraphs 1 through 17, inclusive, of this Answer and incorporate by reference each answer set forth therein in response to Paragraph 18 of the KBR defendants' cross-claim.

19. Answering the allegations of Paragraph 19, the Daoud entities state that the plaintiffs' First Amended Complaint speaks for itself.

20. Answering the allegations of Paragraph 20, the Daoud entities state that the terms of the Master Labor Agreement and Laundry Subcontract speak for themselves. The Daoud entities deny that the "type of claims" alleged in plaintiffs' First Amended Complaint fall within the scope of indemnification, if any, and deny that they have "failed" to do anything required by the agreements.  Further, the Daoud entities refer to the Court's December 12, 2012 Order which dismissed the KBR defendants' cross-claim for indemnification as to the plaintiffs' claims which implicated criminal conduct or intentional torts, limiting any such indemnification to the plaintiffs' previously dismissed negligence related claims.

21. Answering the allegations of Paragraph 21, the Daoud entities admit that the KBR defendants dispute the allegations against them and state that the remaining allegations in Paragraph 21 are legal conclusions that require no response from the Daoud entities.  To the extent that any response is required, the Daoud entities deny the allegations.

22. The Daoud entities state that the allegations in Paragraph 22 are legal conclusions that require no response from the Daoud entities.  To the extent that any response is required, the Daoud entities deny the allegations in Paragraph 22 of the KBR's defendants' cross-claim.

23. Answering the allegations of Paragraph 23, the Daoud entities admit that the KBR defendants demanded defense and indemnification from Daoud and deny the remaining allegations in Paragraph 23 of the KBR's defendants' cross-claim.

24. Answering the allegations of Paragraph 24, the Daoud entities deny that they have caused any harm to the KBR defendants and otherwise state that they lack sufficient information to admit or deny the remaining allegations in Paragraph 24 of the KBR defendants' cross-claim, and therefore, deny those allegations.

25. The Daoud entities refer to Paragraphs 1 through 24, inclusive, of this Answer and incorporate by reference each answer set forth therein in response to Paragraph 25 of the KBR defendants' cross-claim.

26. Answering the allegations of Paragraph 26, the Daoud entities admit that the KBR defendants have denied plaintiffs' allegations. The Daoud entities state that they lack sufficient information to admit or deny the remaining allegations in Paragraph 26 of the KBR defendants' cross-claim, and therefore, deny those allegations.

27. Answering the allegations of Paragraph 27, the Daoud entities admit that the KBR defendants have disputed plaintiffs' allegations. The Daoud entities deny the remaining allegations in Paragraph 27 of the KBR defendants' cross-claim.

28. Answering the allegations of Paragraph 28, the Daoud entities deny that they have caused any harm to the KBR defendants and otherwise state that they lack sufficient information to admit or deny the remaining allegations in Paragraph 28 of the KBR defendants' cross-claim, and therefore, deny those allegations.

29. The Daoud entities refer to Paragraphs 1 through 28, inclusive, of this Answer and incorporate by reference each answer set forth therein in response to Paragraph 29 of the KBR defendants' cross-claim.

30. Answering the allegations of Paragraph 30, the Daoud entities state that the terms of the Master Labor Agreement and Laundry Subcontract speak for themselves and state that the remaining allegations in Paragraph 30 are legal conclusions that require

no response from the Daoud entities. To the extent that any response is required, the Daoud entities deny the allegations.

31. The Daoud entities deny the allegations in Paragraph 31 of the KBR defendants' cross-claim as phrased.

32. Answering the allegations of Paragraph 32, the Daoud entities deny that they have caused any harm to the KBR defendants or that the Daoud entities are "ultimately responsible" for plaintiffs' damages and otherwise state that they lack sufficient information to admit or deny the remaining allegations in Paragraph 32 of the KBR defendants' cross-claim, and therefore, deny those allegations.

33. The Daoud entities deny that any of the KBR defendants are entitled to any of the relief sought in the Prayer for Relief, or any relief whatsoever.

34. All factual allegations in the KBR defendants' cross-claim that are not specifically admitted herein are denied.

//

//

# AFFIRMATIVE DEFENSES[1]

### FIRST DEFENSE
(Personal Jurisdiction)

1. The Court lacks personal jurisdiction over the Daoud entities.

### SECOND DEFENSE
(International Comity)

2. The KBR defendants' claims are barred, in whole or in part, by the principles of international comity.

### THIRD DEFENSE
(Improper/Inconvenient Venue)

3. The KBR defendants' claims are barred by the principles of *forum non conveniens* and may be more appropriately resolved in Jordan, Iraq or through arbitration.

### FOURTH DEFENSE
(Failure to State a Claim)

4. The KBR defendants' cross-claim and each claim for relief therein fail to state a claim upon which relief may be granted.

### FIFTH DEFENSE
(Political Question)

5. The KBR defendants' cross-claim presents a non-justiciable political question.

---

[1] By including specific claims or theories as affirmative defenses, the Daoud entities are not, in any way, conceding that they have the burden of proof on any such theory, claim and/or defense.

## SIXTH DEFENSE
(Subject Matter Jurisdiction)

6. The Court lacks subject matter jurisdiction over some or all of the KBR defendants' claims.

## SEVENTH DEFENSE
(Statute of Limitations)

7. Some or all of the KBR defendants' claims for relief are barred by the applicable statute of limitations.

## EIGHTH DEFENSE
(Laches)

8. The KBR defendants knowingly and unreasonably delayed in asserting the purported claims for relief alleged in the cross-claim and for that reason, the cross-claim and each purported claim for relief therein are barred by the doctrine of laches.

## NINTH DEFENSE
(No Contract)

9. The KBR defendants' breach and contractual indemnity claims fails because there was no valid contract between the KBR defendants and the Daoud entities.

## TENTH DEFENSE
(Illegality)

10. The KBR defendants' breach and contractual indemnity claims fail insofar as they seek indemnity and defense of KBR's intentional torts or criminal conduct which is prohibited under Texas and California law and thereby invalidates any such contract.

ELEVENTH DEFENSE
(Public Policy)

11.     Some or all of the KBR defendants' claims fail insofar as they seek indemnity and defense of KBR's intentional torts or criminal conduct lack which is against public policy.

TWELFTH DEFENSE
(Standing)

12.     The KBR defendants' breach and contractual indemnity claims fail because the KBR defendants lack standing to assert claims or to seek relief based on contracts to which they are non-parties.

THIRTEENTH DEFENSE
(Ripeness)

13.     The KBR defendants' breach and contractual indemnity claims fail insofar as no final judgment of liability has been rendered and therefore no indemnification obligation has arisen.

FOURTEENTH DEFENSE
(Waiver/Acquiesce/Knowledge)

14.     Some or all of the KBR defendants' claims fail because they directed, agreed to or acquiesced to any conduct by Daoud implicated by the plaintiffs' First Amended Complaint and/or the KBR defendants' cross-claim or otherwise waived any such claims.

FIFTEENTH DEFENSE
(Causation/Lack of Responsibility/ Independent, Intervening or Superseding Cause)

15.     Any injury or damage alleged in the First Amended Complaint and/or the KBR defendants' cross-claim was actually or proximately caused by the acts or

omissions of others over which Daoud had no responsibility, and not by the Daoud entities, and therefore does not implicate Daoud's indemnity obligations to the KBR defendants, if any.

### SIXTEENTH DEFENSE
(Contributory Negligence)

16. Some or all of the KBR defendants' claims are barred in whole or in part by the KBR defendants' own unreasonable conduct.

### SEVENTEENTH DEFENSE
(Responsible Third Parties; Comparative Negligence)

17. Based on the allegations in the First Amended Complaint and/or the KBR defendants' cross-claim, there are one or more third parties that were responsible for plaintiffs' alleged damages, if any, or that caused or contributed to the harm for which recovery of damages is sought, including, without limitation, the KBR defendants, Moonlight Consultant Pvt, Ltd, Morning Star for Recruitment and Manpower Supply, and Bisharat & Partners. The Daoud entities are therefore entitled to have the Court and Jury apply the doctrine of comparative negligence to reduce any judgment against the Daoud entities by the degree of fault attributable to the KBR defendants or any other named or unnamed parties, as well as responsible third parties.

### EIGHTEENTH DEFENSE
(Indemnification/Setoff)

18. Any damages this court may award to the KBR defendants should be setoff against damages to Daoud caused by KBR's failure to reasonably oversee the Department of Labor Defense Base Act administrative proceeding that preceded this case in a manner consistent with its obligations, thereby causing damages to Daoud.

## NINETEENTH DEFENSE
(Contractor Immunity)

19. Some or all of KBR defendants' claims are barred in whole or in part of by the doctrine of Government Contractor Immunity.

## TWENTIETH DEFENSE
(Due Process)

20. Under the facts and circumstances of this case, allowing this case to proceed violates principles of due process.

## TWENTY-FIRST DEFENSE
(Unclean Hands)

21. Under the facts and circumstances of this case, the KBR defendants' claims are barred in whole or in part by reason of their own inequitable conduct.

## TWENTY-SECOND DEFENSE
(Foreign Law)

36. Some or all of KBR defendants' claims may be barred by the laws of Nepal, Jordan or Iraq.

## ADDITIONAL AFFIRMATIVE DEFENSES

The KBR defendants' cross-claim and/or the plaintiffs' First Amended Complaint does not describe the claims or events with sufficient particularity to permit the Daoud entities to ascertain whether other defenses may exist. The Daoud entities therefore reserve the right to assert all and further defenses that may pertain to the cross-claim once the precise nature of such claims is ascertained.

### THE DAOUD & PARTNERS ENTITIES' COUNTER-CLAIM AGAINST THE KBR DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 13(a), the Daoud entities file this counter-claim against the KBR defendants, and in support thereof state:

### JURISDICTION AND VENUE

1. The Daoud entities are comprised of Daoud & Partners, LLC (JOR), which is a foreign company based in Amman, Jordan, registered as a limited liability corporation with the Jordanian Controller of Companies at the Ministry of Industry and Trade and operating principally in Jordan, and Daoud & Partners, Ltd. (BVI), which is an international business company domiciled in the British Virgin Islands and operating principally in Iraq.

2. The KBR defendants are comprised of Kellogg Brown & Root, Inc., Kellogg Brown & Root Services, Inc., KBR, Inc., KBR Holdings, LLC, Kellogg Brown & Root LLC, KBR Technical Services, Inc. and Kellogg Brown & Root International, Inc.

3. Based on its Orders of November 3, 2009 and December 12, 2012, this Court has supplemental jurisdiction over the claims brought by the Daoud entities against the KBR defendants pursuant to 28 U.S.C. § 1367 since these claims are closely related to the claims pending in the KBR defendants' cross-claim and the Plaintiff's First Amended Complaint. Supplemental jurisdiction over the Daoud entities' counter-claim is appropriate because the claims are not novel or complex and they do not predominate over the claims brought by Plaintiffs or the cross-claims of the KBR defendants, and judicial economy warrants that these claims all be tried one action.

4. This Court has subject matter jurisdiction over the claims brought by the Daoud entities pursuant to 28 U.S.C. § 1332, as there is complete diversity between KBR defendants and the Daoud entities, and the amount in controversy exceeds seventy-five thousand dollars, exclusive of interests and costs.

5. As the KBR defendants have already admitted in connection with the plaintiffs' First Amended Complaint, this Court has personal jurisdiction over each of the KBR defendants.

6. Venue is appropriate in this district pursuant to 28 USC § 1391(a).

7. Pursuant to Federal Rule of Civil Procedure 13(a), the Daoud entities' counter-claim is appropriately asserted in this action because the claim arises out of the same transaction or occurrence that is the subject matter of the original action and the KBR defendants' cross-claim. The Daoud entities' counter-claim includes a claim that co-parties, the KBR defendants, are liable to the Daoud entities for conduct that forms part of the basis of the plaintiffs' allegations in the First Amended Complaint. In bringing these claims, the Daoud entities in no way waive their jurisdictional defenses, which are expressly reserved. The Daoud entities continue to object that this Court lacks personal jurisdiction and do not hereby submit to the personal jurisdiction of this Court or any U.S. forum. Further, the Daoud entities reserve the right to bring counter-claims or cross-claims against the KBR defendants or others at a later date pursuant to Federal Rule of Civil Procedure 13(b) and/or 13(g).

## **GENERAL ALLEGATIONS**

8. Commencing in or around November 2003 and continuing until November 2011, the Daoud entities provided construction, personnel, laundry and catering services on various U.S. military bases in Iraq as a subcontractor to KBR.

9. In or around July 2004, as part of the parties' contractual relationship, KBR informed the Daoud entities that Daoud had been enrolled in KBR's DBA Subcontractor Program, the purpose of which was to "ensure that subcontractors and consultants are compliant with their contractual obligations as well as the law that supports the Defense Base Act." The Daoud entities were instructed not to procure DBA insurance independently and were expressly told that "in the event of an incident . . . KBR Risk Management will submit to AIG and Dept of Labor."

10. On information and belief, in or around August 2007, alleged representatives of the plaintiffs instituted proceedings with the Department of Labor for compensation under the Defense Base Act. The Daoud entities were not formally served with notice of the action and did not participate in the proceedings.

11. On information and belief, the KBR defendants and/or their agents failed to reasonably defend the Department of Labor DBA proceeding, including by, among other things, improperly failing to contest that plaintiffs' decedents were Daoud's employees.

12. As a result of KBR's and/or their agent's failures, the Daoud entities have been harmed by, among other things, being improperly implicated in an administrative proceeding in the United States which, although Daoud did not participate, served as a basis for the Court's assertion of personal jurisdiction and was the basis for the Court's order to equitably toll several of plaintiffs' claims that were otherwise barred by the statute of limitations.

## COUNT I

### BREACH OF CONTRACT

13. The Daoud entities hereby incorporate Paragraphs 1 through 12 as if fully set forth herein.

14. In connection with the Daoud entities' work for KBR on government subcontracts in Iraq, the KBR defendants agreed to procure DBA insurance and agreed to manage any subsequent proceedings with the Department of Labor.

15. Despite their agreement to do so, the KBR defendants did not reasonably manage the subsequent proceedings with the Department of Labor, including, but not limited to, improperly failing to contest that the plaintiffs' decedents were Daoud's employees.

16. As a result of the foregoing, the Daoud entities have incurred, and will incur in the future, attorneys' fees, damages, costs and losses to be determined.

## COUNT II

### CONTRIBUTION AND EQUITABLE INDEMNIFICATION

17. The Daoud entities hereby incorporate Paragraphs 1 through 16 as if fully set forth herein.

18. Although the Daoud entities dispute the allegations contained in plaintiffs' First Amended Complaint and subsequent submissions with the Court, should the Daoud entities incur liability to the plaintiffs, such liability would result in whole or in part from the KBR defendants' failure to reasonably manage the subsequent proceedings with the Department of Labor, including, but not limited to, improperly failing to contest in the DBA proceeding that the plaintiffs' decedents were Daoud's employees.

19. Accordingly, the KBR defendants are liable to the Daoud entities by way of contribution and equitable indemnification for sums the Daoud entities may be required to pay in this action as a result of the KBR defendants' wrongful conduct, acts or omissions.

20. As a result of the foregoing, the Daoud entities have been required to engage the undersigned counsel in this matter and have agreed to pay said law firms reasonable attorneys' fees, for which the KBR defendants are responsible and liable.

## COUNT III

### NEGLIGENCE/NEGLIGENT SUPERVISION

21. The Daoud entities hereby incorporate Paragraphs 1 through 20 as if fully set forth herein.

22. The KBR defendants owed a duty to the Daoud entities to take reasonable care to ensure that the KBR defendants and/or their agents reasonably managed the DBA proceedings.

23. The KBR defendants breached this duty of care by failing to ensure that the KBR defendants and/or their agents reasonably managed the subsequent proceedings with the Department of Labor, including, but not limited to, by improperly failing to contest in the DBA proceeding that the plaintiffs' decedents were Daoud's employees.

24. As a result of the foregoing, the Daoud entities have been required to engage the undersigned counsel in this matter and have agreed to pay said law firms reasonable attorneys' fees, for which the KBR defendants are responsible and liable.

## COUNT VI

### PROMISSORY ESTOPPEL

25. The Daoud entities hereby incorporate Paragraphs 1 through 24 as if fully set forth herein.

26. In connection with the Daoud entities' work for KBR on government subcontracts in Iraq, the KBR defendants stated that they would procure DBA insurance and promised to manage any subsequent proceedings with the Department of Labor.

27.     The KBR defendants should have reasonably foreseen that the Daoud entities would rely on the KBR defendants' promises.

28.     The Daoud entities reasonably relied on KBR's promises to their own detriment.

29.     As a result of the foregoing, the Daoud entities have incurred, and will incur in the future, attorneys' fees, damages, costs and losses to be determined.

## JURY DEMAND

The Daoud entities hereby request a trial by jury.

**WHEREFORE**, the Daoud entities pray that the Court dismiss the KBR defendants' cross-claim, that the KBR defendants take nothing by their cross-claim, that the Court grant the Daoud entities' counter-claim against the KBR defendants and that the Daoud entities have and recover their costs and expenses herein, and that they have such other and further relief as the Court deems appropriate.

Dated: January 18, 2012

Respectfully submitted,

/s/ Christopher Tayback

Christopher Tayback (admitted pro hac vice)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
(213) 443-3000

Attorneys for the Daoud & Partners entities