# **Exhibit 1**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAMCHANDRA ADHIKARI, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> DAOUD & PARTNERS, *et al.*, <br><br> Defendants. | Civil Action No. 4:09-CV-01237 <br><br> Judge Keith P. Ellison |

**SUPPLEMENTAL DECLARATION OF AGNIESZKA M. FRYSZMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPENSES, INCLUDING ATTORNEYS' FEES, AS THE PREVAILING PARTY PURSUANT TO FED. R. CIV. P. 11(C)(2)**

I, Agnieszka M. Fryszman, hereby declare as follows:

1. I am a partner in the Washington, D.C. office of Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein"), and counsel in the above-captioned case. The statements set forth in this Declaration are based on first-hand knowledge, about which I could and would testify competently in open Court if called upon to do so, and on records contemporaneously generated and kept by my Firm in the ordinary course of its law practice. This Declaration is submitted in support of Plaintiffs' Reply in Support of Plaintiffs' Motion for Expenses, Including Attorneys' Fees, as the Prevailing Party Pursuant to Fed. R. Civ. P. 11(c)(2).

2. I am lead counsel on this case and the head of the International Human Rights and Pro Bono Practice at Cohen Milstein Sellers & Toll, where I have worked since 1998. The customary billing practice for attorneys, paralegals, and law clerks at Cohen Milstein Sellers & Toll is to bill time in 0.25 hour increments. This is the standard billing practice employed by

attorneys at the firm for paying clients. Where courts or clients require other time increments, those other increments are of course utilized in those cases.

3. With Plaintiffs' Motion for Expenses, Including Attorneys' Fees, as the Prevailing Party Pursuant to Fed. R. Civ. P. 11(c)(2), I submitted a declaration (Ex. 1) that was accompanied by a chart providing billing details, designated as Exhibit A. *See* Dkt. 748-1. Exhibit A reproduced contemporaneous time records from an electronic system in chart form. These entries were contemporaneously recorded. The entries were reproduced as Exhibit A in order to provide clear and legible explanations of the time billed.

4. Although many entries in Exhibit A to Dkt. 748-1 reflect whole-hour increments for billed time, this is a result of coincidence and chance. The entries were billed in 0.25 increments consistent with the firm's customary billing practice, as described above and just happened to result in certain tasks taking whole-hour increments of time.

5. Depositions of Plaintiffs were taken in this case on February 27-28, 2013, March 1-2, 2013, and March 5-7, 2013. As lead counsel and the persona primarily responsible for this case, my presence at those depositions was critical. I therefore was unable to work on the Rule 11 response on any of those dates, which then required me to work long days in the eight days immediately preceding Plaintiffs' filing of the Rule 11 opposition and following the conclusion of the depositions.

6. Attached to this Declaration as Exhibit A is a copy of an email that I sent to Geoffrey Harrison, counsel for KBR, on April 3, 2015. This email is a true and accurate copy of the email that I sent to Mr. Harrison.

7. Attached to this Declaration as Exhibit B is a copy of an email that an attorney in my practice group, Thomas Saunders, sent to M. Mengis and B. Donley on February 14, 2013.

This email has been stored in my firm's records and it is a true and correct copy of the email that Thomas Saunders sent to then-counsel for KBR.

8. Attached to this Declaration as Exhibit C is another chart, providing billing details for time that Plaintiffs are not seeking as part of their motion. This chart is also a reproduction of contemporaneous time records from an electronic system in chart form. These entries were contemporaneously recorded and reproduced as Exhibit C to provide clear and legible explanations of the time billed to the Rule 11 response that Plaintiffs have excluded from the motion for expenses.

I declare under penalty of perjury under the laws of the city of Washington, District of Columbia, that the foregoing is true and correct to the best of my knowledge and that this Declaration was prepared in the District of Columbia on June 29, 2017.

*Agnieszka Fryszman* (signature)
Agnieszka M. Fryszman

# Exhibit A

| | |
|---|---|
| **From:** | Fryszman, Agnieszka |
| **Sent:** | Friday, April 03, 2015 2:04 PM |
| **To:** | Ouoba, Alysson |
| **Subject:** | FW: KBR A - Proposed Final Judgment |
| **Attachments:** | 1985069_1.doc |

Left him a message.

From: Fryszman, Agnieszka
Sent: Friday, April 03, 2015 11:31 AM
To: 'Geoffrey L. Harrison'; Paul Hoffman
Subject: RE: KBR A - Proposed Final Judgment

Geoffrey:  I propose we submit the attached.  The only edit I made to your April 2 draft is to remove the references regarding costs (in track changes – hope it is clear).  That gives us time to communicate with our clients regarding your offer, gives you time to prepare and file a bill of costs (the usual procedure) and permits plaintiffs to file a motion for costs related to the Rule 11 motion, which our research confirms is still timely under Fifth Circuit precedent.  I think the Court is unlikely to award costs without seeing the submission from KBR and hearing from Plaintiffs in opposition (and of course, the same goes for the Rule 11 costs).  Removing the reference to costs in the proposed order does not prejudice anyone from seeking costs in the future, as permitted by the rules.

I am back in the United States and happy to discuss at your convenience.  However, my mother is coming into town this afternoon, and I need to leave a bit early to pick her up at the train station, so earlier in the day is a bit better for me.

Best,

Agnieszka


From: Geoffrey L. Harrison [mailto:gharrison@susmangodfrey.com]
Sent: Thursday, April 02, 2015 9:53 AM
To: Paul Hoffman; Fryszman, Agnieszka; Ouoba, Alysson
Subject: KBR A - Proposed Final Judgment

Per my and Paul's discussion yesterday and reflective of Alysson's draft, please review the attached revised form of final judgment and advise whether the parties together may submit this version to the Court.  Thanks.


Geoffrey L. Harrison
Susman Godfrey L.L.P.
(713) 653-7807 – Work
(713) 498-2425 – Cell
gharrison@susmangodfrey.com<mailto:gharrison@susmangodfrey.com>

1

# Exhibit B

| | |
|---|---|
| **From:** | Saunders, Thomas |
| **Sent:** | Thursday, February 14, 2013 2:35 PM |
| **To:** | 'mmengis@bakerlaw.com' (mmengis@bakerlaw.com); 'bdonley@bakerlaw.com' (bdonley@bakerlaw.com) |
| **Cc:** | fhochmuth@bakerlaw.com; Fryszman, Agnieszka |
| **Subject:** | 3 Issues for Consultation |

Dear Mr. Mengis and Mr. Donley,

Yesterday, I spoke with your colleague Farrell Hochmuth regarding the issues outlined below.  She said she would confer with you and get back to me today.  Farrell called me today as promised but, rather than provide responses, she informed me that you requested I put my questions in writing.  To insure that my accommodation of your request does not result in another day of delay, would you please respond by lunchtime tomorrow?

**Briefing on the Rule 11 Motion**
Plaintiffs seek to postpone briefing on KBR's recent motion for Rule 11 sanctions in light of the substantial other activity in this case right now, including upcoming depositions, expedited briefing on a motion and an upcoming court conference.  Plaintiffs seek to postpone briefing until after the Court rules on the motion for summary judgment.  Does KBR oppose Plaintiffs' request.

**Response to Outstanding Interrogatories, including Chittij Limbu's Interrogatories**
KBR has refused to answer interrogatories sent by Plaintiffs on the grounds that, inter alia, Plaintiffs are engaged in a fishing expedition.  We believe we are at an impasse.  If we are incorrect and you are willing to respond to interrogatories, please let us know.

**Disciplinary Records**
Plaintiffs seek to narrow a category of information sought through discovery and request KBR's cooperation.  Plaintiffs' moved to compel records of disciplinary action taken or contemplated to be taken against individuals who reported, complained about, or attempted to address the treatment, pay, or conditions of third-country national workers.  At the September 2012 hearing, the Court asked us to narrow the scope of the documents sought to make the discovery request less burdensome for KBR.  Plaintiffs understand the records are now electronically searchable.  Plaintiffs' propose to narrow the scope of documents sought by imposing a date range from January 2003 to January 2007, seeking production only of those documents that involve work locations and camps in Iraq, and seeking production only of those documents involving third-country nationals by using the Boolean search below.  Is this agreeable to you?

(Nepa* OR Napal* OR TCN* OR SCW* OR (sub* NEAR3 worker*) OR (third NEAR3 national*) OR (3d NEAR3 national*) OR (3rd NEAR3 national*) OR India* OR LH OR (local NEAR3 hire*) or bangladesh* or (southeast near2 asia*))


Sincerely,
Thomas




**Thomas N. Saunders**
International Human Rights Fellow

**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, NW | Suite 500 West
Washington, DC 20005
t:  202.408.3694 | f:  202.408.4699

1

# Exhibit C

## Exhibit C
**Charts Illustrating Records of Time Excluded from Plaintiffs' Motion for Expenses**

| Excluded Timekeepers | | | |
|---|---|---|---|
| Date | Timekeeper Name | Hours | Narrative |
| 9/6/2012 | McOwen, Maureen | 0.5 | Research and fill in citations in Rule 11 response letter to B. Donley. |
| 9/6/2012 | McOwen, Maureen | 0.5 | Research and fill in citations in Rule 11 response letter to B. Donley. |
| 9/7/2012 | McOwen, Maureen | 0.5 | Finalize and serve corresp. to B. Donley regarding Rule 11. |
| 3/4/2013 | Romer-Friedman, Peter | 2.00 | Met with Agnieszka Fryszman, Martina Vandenberg and Thomas Saunders and read sanctions motion. |
| 3/6/2013 | Romer-Friedman, Peter | 8.5 | Research and drafting for opposition to KBR Rule 11 motion |
| 3/7/2013 | Romer-Friedman, Peter | 4.25 | Research and drafting for opposition to KBR Rule 11 motion |

\*Paul Hoffman, co-counsel from Schonbrun Seplow Harris & Hoffman LLP's hours were also excluded in their entirety. *See* Fryszman Decl., Exhibit 1, Dkt. 748-1, ¶ 15.

| Excluded Research Hours | | | |
|---|---|---|---|
| Date | Timekeeper Name | Hours | Narrative |
| 3/12/2013 | Sharma, Swati | 3.25 | Research cases for opposition to sanctions motion. |
| 3/12/2013 | Sharma, Swati | 2.25 | Preparing chart based on research for opposition to sanctions motion. |

1

| Time Excluded as Block-Billed ||||
|---|---|---|---|
| Date | Time-keeper | Hours | Narrative |
| 9/6/2012 | Ouoba, Alysson | 9.00 | Read case material to get up speed in the case; reviewed draft of motion to compel non-ESI discovery; conducted research in Lexis for Rule 11 letter on (1) whether KBR's and Halliburton's subcontractors have previously been deemed agents (or not agents), (2) 5th Circuit law on ratification, and (3) agency law; spoke with A. Fryszman and M. McOwen regarding the same. |
| 9/7/2012 | Ouoba, Alysson | 8.75 | Read case materials to get up to speed in the case; conducted research in Lexis for Rule 11 letter on (1) agency law generally; and (2) ratification by the principal of agent's unauthorized conduct;; conducted research in Lexis for motion to compel non-ESI discovery on (1) right to discovery of complaints received by company, (2) vague objections that discovery requests are burdensome are insufficient; (3) when documents are in control of party though in possession by a third party; made additions to motion to compel non-ESI discovery; spoke with M. McOwen about the case. |
| 9/6/2012 | Handley, Matthew, K. | 4.00 | Preparing for client interviews; revising Rule 11 letter. |
| 9/7/2012 | Handley, Matthew, K. | 4.00 | Preparing for client interviews; revising Rule 11 letter; revising discovery responses. |
| 1/2/2013 | Fryszman, Agnieszka | 1.5 | Correspondence with Defendants' counsel regarding various threats. |
| 3/2/2013 | Vandenberg, Martina | 1.5 | Revised witness declaration, sent to witness for signature, conferred with witness. |
| 3/1/2013 | Vandenberg, Martina | 3 | Document review and edited affidavit for Rule 11 opposition. |
| 3/6/2013 | Vandenberg, Martina | 1.5** | Revised brief opposing Rule 11 sanctions; reviewed cases and continued working on brief sections relating to Adhikari letter; telephone call with colleagues regarding outline; continued briefing various issues on Rule 11 motion; telephone call with colleagues regarding outline; continued briefing various issues on Rule 11 motion; reviewed privilege log; reviewed docs for supplemental summary judgment filing; conferred with Agnieszka Fryszman regarding Rule 11 opposition. |
| 3/7/2013 | Vandenberg, Martina | 1.5** | Drafted affidavit based on information provided by expert; reviewed case law and standard of review section of brief for Rule 11 opposition; reviewed documents to include in SJ supplementary filing. |
| 3/8/2013 | Vandenberg, Martina | 1.5** | Declaration revisions for rule 11 opposition; email from Agnieszka Fryszman with comments on draft; drafted Brief sections on letter; conversation with Agnieszka Fryszman regarding Rule 11; reviewed hot documents for inclusion in OSJ supplementary filing. |

The entries marked with two asterisks (**) for March 6, 7, and 8 were reduced by 1.5 hours for block billing as described in Fryszman Decl., Exhibit 1, Dkt. 748-1, ¶ 17.

| Time Excluded as Supervisory | | | |
|---|---|---|---|
| Date | Timekeeper Name | Hours | Narrative |
| 3/5/2013 | Romer-Friedman, Peter | 2.75 | Read briefing on Rule 11 and memos prepared by law clerks. |
| 2/15/2013 | Fryszman, Agnieszka | 3.00 | Work on Rule 11 brief, review Amanda Krause's research, conduct research and correspondence. |
| 2/22/2013 | Fryszman, Agnieszka | 3.00 | Review research memos regarding Rule 11 issues; review Christine Webber draft response to section of Rule 11 Motion. |

| Additional Time Excluded in the Exercise of Billing Judgment (Not Cited in Pls.' Motion) | | | |
|---|---|---|---|
| Date | Timekeeper Name | Hours | Narrative |
| 1/17/2013 | Saunders, Thomas | 1.5 | Discuss potential response to KBR's threatened sanctions motion, draft email responses. |
| 2/14/2013 | Fryszman, Agnieszka | 4.00 | Work on Rule 11 brief with Christine Webber. |
| 3/12/2013 | Sharma, Swati | .25 | Discussion with Thomas Saunders and Agnieszka Fryszman regarding plan of action and worked on sanctions motion chart. |
| 3/14/2013 | Sharma, Swati | .5 | Meeting with Thomas Saunders and Agnieszka Fryszman regarding sanctions brief. |